MC-275

Name: Thomas M. Brawand
Address: P.O. Box 1050 / A3-216
Soledad, Ca. 93960-105
Salinas Valley State Prison
CDC or ID Number: F-08662

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
(Court)

| | |
|---|---|
| Thomas M. Brawand<br>Petitioner<br>vs.<br>M.S. Evans, (Warden)<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br>No. 08-1571<br>(To be supplied by the Clerk of the Court) |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.,
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

- [XX] A conviction
- [ ] Parole
- [ ] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other (specify): _____

1. Your name: __Thomas M. Brawand__

2. Where are you incarcerated? __Sailinas Valley State Prison, California__

3. Why are you in custody?  [XX] Criminal Conviction   [ ] Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   __Murder PC 187 (A) with a knife__

   b. Penal or other code sections: __Penal Code §12022__

   c. Name and location of sentencing or committing court: __Superior court of California, Tuolumne County__

   d. Case number: __CRF 17608__

   e. Date convicted or committed: __December 14th, 2005__

   f. Date sentenced: __same as above__

   g. Length of sentence: __25 years to life, together with one year for the knife enhacement.__

   h. When do you expect to be released? _____

   i. Were you represented by counsel in the trial court?  [XX] Yes.  [ ] No. If yes, state the attorney's name and address:

   __Patrick M. Angermiller, ESQ. #56458__

   __270 S. Barretta St. Sonora, Ca. 95370__

4. What was the LAST plea you entered? (check one)

   [XX] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [XX] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

---

MC-275 [Rev. July 1, 2005]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page two of six

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The evidence was insufficient to support the verdict of First Degree murder based on willful, deliberate, premeditated murder, thereby denying appellant his Federal and State Constitutional Rights to Due Process and a Fair Trial.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

The evidence clearly show that the crime was done while under the influence of a narcotic and alcohol, which clearly is not sufficient to warrent a first degree murder conviction.

Generally, there are three categories of evidence sufficient to sustain a premeditated and deliberate murder: evidence of planning, motive, and method. I believe that none of the above were found in the instant case and therefore I was denied a fair trial and due process of the laws in this state.

Not only was petitioner under the influence of narcotic's and alcohol but his girl friend was a main concern, and this also shows a heat of passion and under the laws of Califorina it constitute second degree murder not a first degree conviction (see exh. A-C)

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

People v. Johnson, (1980) 26 Cal.3d 557,562; Jackson v. Virginia, (1979) 443 U.S. 307,319; People v. Johnson, supra, 26 Cal.3d at 576-577; People v. Anderson, (1968) 70 Cal.2d. 15; Anderson, supra, at pp.33-34; People v. Cole, (2005) 33 Cal.4th 1158; People v. Saille, (1992) 54 Cal.3rd 1103; United States v. Dixon, (1993) 509 U.S. 688

7. **Ground 2 or Ground** _____ *(if applicable):*

The evidence was insufficient to support the verdict of First Degree Murder based on Felony Murder, Thereby denying appellant his Federal and State Constitutional rights to due process and a fair trial.

a. Supporting facts:

As stated in Ground 1, the prosecution based its case on a THEORY that the killing of Richard Bray was deliberate, and premeditated... This was a THEORY that the court allowed, even though the evidence did not show a First Degree Murder charge petitioner was convicted of this charge in the First Degree. There cannot be a verdict of first degree murder if the evidence show other wise, and therefore petitioner was denied the due process of the law at the State and Federal level.

b. Supporting cases, rules, or other authority:

People v. Elliot (2006) 37 Cal. 4th 453; Jackson v. Virginia (1979) 433 U.S. 307,319; People v. Johnson, supra,26 Cal.3d at 576-577; People v. Hall(1986) 41 Cal.3r 826,834; People v. Gurule (2002) 28 Cal. 4th 557,628-629.

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   The Superior Court of Tuolumne County
   
   b. Result   Judgment was affirmed                    c. Date of decision:  Jan.5th,2006
   
   d. Case number or citation of opinion, if known:  Super.Ct. No.CFR17608 / Fifth Crim. No. F049525
   
   e. Issues raised: (1) Evidence was insufficient, Due Process
   
      (2) Evidence was insufficient, Due Process
   
      (3) _____
   
   f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:
   
   Diane E. Berley, 6520 Platt Ave., PMB 834 West Hills,Ca. 91307-3218

9. Did you seek review in the California Supreme Court?  ☒ Yes  ☐ No.  If yes, give the following information:
   
   a. Result  Petition for Review Denied          b. Date of decision:  Jun. 13th,2007
   
   c. Case number or citation of opinion, if known:  F049525 / S152268
   
   d. Issues raised: (1)  Same as above
   
      (2) _____
   
      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
    Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. July 1, 2005]                  **PETITION FOR WRIT OF HABEAS CORPUS**                        Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

    (b) _____

    (4) Result *(Attach order or explain why unavailable)*: _____

    (5) Date of decision: _____

    b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

    (b) _____

    (4) Result *(Attach order or explain why unavailable)*: _____

    (5) Date of decision: _____

    c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

    There has been no delay in the filing of this petition.

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known: _____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain: _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

    All avenues to the lower courts have been take in this matter.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 3-12-08

▶ _____
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page six of six

Exhibit A

LAW OFFICES OF
**PATRICK M. ANGERMILLER**
270 SOUTH BARRETTA STREET
SUITE E
SONORA, CALIFORNIA 95370
TELEPHONE (209) 533-4955
FACSIMILE (209) 533-4959

65

October 17, 2005

Mr. John Hansen
Tuolumne County District Attorney's Office        Sent via fax

Re.: People v. Brawand

Dear John:

    I have retained Dr. Stephen Pittel as an expert in this case. He will be called on to testify as an expert on the possible effects of methamphetamine on the defendant as it relates to premeditation and deliberation as well as the "heat of passion" issue.
    I have enclosed a short biography for him. A complete C.V. is available for him at Drugshrink@comcast.net.

Very truly yours,

Patrick M. Angermiller

Exhibit A

Exhibit B

66

**SMP Associates**
2222 Derby Street
Berkeley, CA 94705

510-486-1888
510-486-1895 Fax

Mr. Patrick Angermiller
270 South Barretta Street, Suite E
Sonora, CA 95370

Dear Mr. Angermiller

I have enclosed a copy of an exhibit that describes the effects of methamphetamine. As you can see, this illustrates clearly that increasingly higher doses of methamphetamine lead to increases in vigilance, irritability, paranoia, impaired judgment, impulsivity, and ultimately to violent behavior.

After reviewing the police reports and witness statements regarding Mr. Brawand, it appears that his behavior on the evening of the homicide is consistent with these effects of methamphetamine abuse. My opinion is based on the fact that:

(1) Mr. Brawand was using methamphetamine intravenously, a pattern that is almost invariably associated with high-dose, chronic abuse,

(2) that he had used it immediately after awakening on the day of the homicide and again, shortly before he attacked Mr. Bray,

(3) that his attack was precipitated by a remark about Mr. Bray's sexual interest and intentions regarding his girlfriend – even though he had discounted similar remarks in the past as being innocuous, and

(4) that – as you informed me – he did not have a history of violence, except on two past occasions when he was under the influence of methamphetamine.

From the facts that I have reviewed it appears that Mr. Brawand's behavior on the night of the homicide is fully consistent with descriptions of methamphetamine-induced violence in the medical and scientific literature. These cases are characterized by an impulsive, spontaneous attack that appears to be unmotivated and irrational. In this case, it appears that the paranoia caused by both chronic and acute methamphetamine abuse led Mr. Brawand to over-react with violence to a more-or-less benign gesture or remark he perceived as hostile and threatening. It is unlikely, given his past relationship with the victim, and any significant pattern of violent behavior – except under the influence of methamphetamine – that this crime would have occurred except for Mr. Brawand's pattern of methamphetamine abuse

Please let me know if you need any additional information.

Sincerely,

Stephen M. Pittel, Ph.D.

◀ Return to Knowledge Solutions Home  ▶ Go to Forensic Science Bookstore   51

◀ Return to Drug & Alcohol Resource Home  ▶ Go to Drug & Alcohol Discussion Forum

SMP

2222 Derry Street
Berkeley, CA 94705
510-486-1888
510-486-1911 Fax

# Stephen M. Pittel, PhD
## Forensic Consultant & Expert Witness

Dr. Pittel is a forensic psychologist who specializes in both civil and criminal cases that involve the effects of drugs and alcohol. His forensic work is based on a thirty year career as a pioneer in the field of substance abuse research and treatment. As the Director of the NIMH funded Haight-Ashbury Research Project in the mid-1960's and the founder and Director of the Berkeley Center for Drug Studies from 1972 to 1985, he has published more than 150 scientific papers and reports on the causes, patterns of use, and effects of LSD and related hallucinogenic drugs, marijuana, amphetamines, cocaine, heroin, PCP, alcohol and other sedative-hypnotic drugs.

Dr. Pittel has worked directly with the treatment of substance abusers as the Director of a multi-modality treatment program in San Rafael, CA and as the Principal Investigator and Director of a NIDA funded clinical demonstration research project on the aftercare needs and community rehabilitation of drug abusers. The Drug Abuse Treatment Referral System he developed in 1970 is still considered to be the most effective technique in use for determining the most appropriate treatment for substance abusing clients. It has been used to assess the treatment needs of drug abusers by federally funded Treatment Alternative to Street Drug (TASC) Programs, the California Youth Authority and by state, county and local drug treatment and diversion programs in more than 30 states.

Dr. Pittel has been a consultant to the White House Office of Drug Abuse Policy, The National Institute on Drug Abuse, the State Department Bureau of International Narcotic Matters, and many other federal, state and local substance abuse treatment programs and agencies. He has worked with Law Enforcement and Criminal Justice System programs to develop and evaluate prison based substance abuse treatment and rehabilitation and drug diversion programs in California, Oregon, Delaware, and Massachusetts and in more than 200 public and private treatment programs and delivery systems throughout the country.

Dr. Pittel has also worked with the State Department Bureau of International Narcotic Matters, the World Health Organization and the United Nations Fund for Drug Abuse Programs to develop drug abuse treatment delivery systems in Pakistan, Malaysia, and to train indigenous substance abuse providers in many other countries.

Dr. Pittel maintains a database of more than 9000 references on the effects of illicit drugs and other psychoactive drugs including anti-depressant, anti-psychotic and other prescribed medications. He has also maintains bibliographies on childhood and adolescent risk factors for adult substance, cognitive and other mental impairment associated with both acute and chronic substance abuse and on toxicological and other methods of identifying drug use and intoxication.

Dr. Pittel has been qualified as an expert witness on the effects of substance use and abuse, in general, and on its relation to driving ability, violence, mental states and related matters. He has testified approximately 150 times in both civil and criminal cases in Superior Courts in California and other States, and in Federal District and Military Courts throughout the country.

52

*sponsored by* Knowledge **SOLUTIONS**

Updated 6/27/98
http://www.corpus-delicti.com

Exhibit C

159

SUPERIOR COURT OF CALIFORNIA
COUNTY OF TUOLUMNE
60 North Washington Street, Sonora, California
---oOo---

THE PEOPLE OF THE STATE OF CALIFORNIA,)
)
　　　　　　　　　　　　　　　Plaintiff,)　　　NO.
)
vs.　　　　　　　　　　　　　　　　　　　　)
)
)　　　INQUIRY/COMMENT
)
)　　　BY JURY
　　　　　　　　　　　　　　Defendant,)
)

State clearly and concisely the nature of your inquiry and/or comment:

Under 8.75 Item #2. We are unable to reach a unanimous verdict as to the charge of murder of the first degree.

Dated: 11/10/05

Foreperson　#110287

jury.inq

rec'd 4:20  11/10/05  EP

## PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and a party/not a party (mark one out) to the within cause of action. That on this date I did cause a true and correct copy of <u>Habeas Corpus</u> to be served on the parties to the action by:

<u>XXX</u>   depositing same in the U.S. Mail with first class postage prepaid and addressed as follows:

\_\_\_\_\_   delivering same in person to the address as follows and placing into the control of the below listed party or their representative;

To: <u>United State District Court for the Northern District of California</u>

<u>450 Golden Gate Ave.</u>

San Francisco, Ca. 94102

EXECUTED THIS <u>13th</u> DAY OF <u>March</u>, 20<u>08</u>, UNDER PENALTY OF PERJURY

IN <u>Sailnias Valley State Prison</u>, CALIFORNIA.

*[signature]*

Declarant

Salinas Valley State Prison
Thomas M. Brewand, F-08662
P.O. Box 1050 / 143-216
Soledad, Ca. 93960-1050

RECEIVED
MAR 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

To: United States District Court,
Northern District of California
450 Golden Gate Ave.
San Francisco, Ca. 94102